# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MALIBU MEDIA, LLC,<br>   PLAINTIFF,<br><br>V.<br><br>JOHN DOE, INFRINGER USING IP<br>ADDRESS 70.112.20.33,<br>   DEFENDANT. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CASE NO. 5:19-CV-00823-OLG |

## DEFENDANT'S MOTION TO QUASH PLAINTIFF'S SUBPOENA

Artie Pennington
State Bar No. 24090324
aapennington@hpkdlaw.com

Hunt Pennington Kumar & Dula, PLLC
609 Castle Ridge Rd., Ste. 315
Austin, TX 78746
Phone: (512) 766-6082
Fax: (512) 233-2699

ATTORNEY FOR DEFENDANT

I.   INTRODUCTION ........................................................................................................... - 1 -

II.  FACTS AND PROCEDURAL HISTORY ................................................................. - 1 -

III. ARGUMENTS AND AUTHORITIES ....................................................................... - 1 -

  A.  STANDARD OF REVIEW .................................................................................. - 1 -

    1.  Federal Rule of Civil Procedure 45(c)(3) ................................................... - 1 -

  B.  STANDING ........................................................................................................... - 1 -

  C.  PLAINTIFF'S SUBPOENA MUST BE QUASHED BECAUSE THE PURPORTED TRACKING TECHNOLOGY HAS NOT BEEN DEMONSTRATED AS RELIABLE ............ - 2 -

  D.  THE SUBPOENA SHOULD BE QUASHED TO PROTECT DEFENDANT FROM UNREASONABLE ANNOYANCE AND PUBLIC EMBARRASSMENT ................................ - 3 -

IV.  CONCLUSION ............................................................................................................ - 4 -

# I. INTRODUCTION

# II. FACTS AND PROCEDURAL HISTORY

Plaintiff Malibu Media, LLC brought this suit alleging copyright infringement against an unknown Defendant. No Defendant has yet been served.

On 01 August 2019, Judge Garcia entered an order allowing Plaintiff to serve a subpoena pursuant to Fed. R. Civ. P. 45 on Charter Communications, Inc. ("*Charter*") to produce the name and addresses of the subscriber to the ISP account that was assigned the subject IP address during the period of alleged infringement.

# III. ARGUMENTS AND AUTHORITIES

## A. STANDARD OF REVIEW

### 1. Federal Rule of Civil Procedure 45(c)(3)

Pursuant to Fed. R. Civ. P. 45(c)(3), a Court must modify or quash a subpoena that "requires disclosure of privileged or other protected matter, if no exception or waiver applies, or subjects a person to an undue burden." A court may modify or quash a subpoena that, *inter alia*, requires disclosing confidential information. Moreover, Fed. R. Civ. P. 26(c)(1), instructs the Court to limit the frequency or extent of discovery otherwise allowed by the Rules, or by local rule, if it determines the "… the burden or expense of the proposed discovery outweighs the likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of discovery in resolving the issues."

## B. STANDING

A party has standing to challenge a subpoena issued to a third party when the party has a personal or proprietary interest in the information sought by the subpoena. Here, because the

subpoena issued to Charter seeks Defendant's personally identifying information, Defendant undoubtedly has a "personal interest" in the information sought by the subpoena. Accordingly, Defendant has standing to challenge the subpoena.

### C.    PLAINTIFF'S SUBPOENA MUST BE QUASHED BECAUSE THE PURPORTED TRACKING TECHNOLOGY HAS NOT BEEN DEMONSTRATED AS RELIABLE

Plaintiff's subpoena must be quashed because Plaintiff has failed to demonstrate the technology used to identify an individual defendant for the alleged copyright infringement as reliable. Plaintiff's unsupported allegation is insufficient to show a volitional act of copyright infringement. Software is available on the market that allows a nefarious actor to impersonate and/or falsify an IP address. Additionally, the MAC address used to identify the specific computer is not provided. An IP address may identify an entire network of computers. Thus, without the MAC address, an IP address alone is insufficient to identify an individual accused of copyright infringement. Further, most ISPs do not store MAC address data nor do they have the ability to detect falsified or altered MAC addresses. Because the technology used by Plaintiff to identify Defendant John Doe is not reliable, Plaintiff is incapable of accurately identifying the proper individuals who actually downloaded the infringing material, and from where the material was actually downloaded. Sister courts have held that the inference that an account holder is infringer or is able to identify infringer is insufficient to grant a subpoena. *See*, *Malibu Media, LLC v. John Doe*, No. 1:14-cv-20213-UU, 2014 U.S. Dist. LEXIS 185324, at *4-5. Because IP addresses are the only evidence Plaintiff has to identify Defendants, Plaintiff's subpoena is unreliable on its face and should be quashed by the Court given the evidence Plaintiff has provided thus far. Moreover, to prove a claim for infringement, a Plaintiff must demonstrate factual copying (that is that Plaintiff actually copied the work) and that the copying is legally actionable. *See e.g.*, *General Universal Systems, Inv. v. Lee*, 379 F.3d 131 (5th Cir. 2004). There

is nothing in the discovery requested which will assist in reaching this determination, indeed all it will provide is a billing address for the account.

Plaintiff's allegations do not, and cannot account for numerous issues, including unsecured wireless networks, fraudulently broadcasted IP addresses, computer hacking, and more.  Courts again have touched on this simple yet very logical assertion, that an IP address does not necessarily constitute a copyright infringer.  Based on the technological ease with which innocent individuals can be so easily falsely identified, the information in the subpoena should be viewed with skepticism.  For example, when a neighbor, unbeknownst to the subscriber, illegally enables a Bit Torrent client downloading copyrighted material either remotely on the user's computer or through an open wireless internet connection on the user's network a subscriber can unknowingly be identified and caught up in the dragnet.  Coupled with the devastating effect of a false accusation of infringement of pornographic materials, Plaintiff's allegations fail to provide sufficient accuracy, nor an actual volitional act associated to a Defendant sufficient to support its claim, and Plaintiff's subpoena should be quashed.

**D.    THE SUBPOENA SHOULD BE QUASHED TO PROTECT DEFENDANT FROM UNREASONABLE ANNOYANCE AND PUBLIC EMBARRASSMENT**

The Court must quash the present subpoena against Defendant to prevent Defendant from suffering unwarranted annoyance, embarrassment, and an undue burden. Fed. R. Civ. Pro. 45(c)(3)(A)(iv).  Presently, Plaintiff requires Defendant's confidential personally identifying information from Defendant's ISP so that Plaintiff can harass Defendant into coercing a quick and profitable settlement under the guise of publicly outing Defendant regarding an accusation of an unlawful download of pornographic material, despite questionable proof against Defendant. Plaintiff's subpoena is intended to cause an undue annoyance, embarrassment, and hardship to Defendant, and the same would result if Defendant's personally identifying information were

associated without sufficient evidentiary support with the unlawful downloading of pornographic materials.  Such association would be highly embarrassing to Defendant, unjustifiably stigmatizing to Defendant, injurious of Defendant's character and reputation in the community, and potentially jeopardizing to Defendant's employment.  Moreover, even after Defendant demonstrates that Plaintiff's allegations are false, the embarrassment and reputational damage from Plaintiff's false public claim will persist because of the public record.  However, by quashing Plaintiff's subpoena, the Court can prevent the injustice of having Defendant unjustly harmed and embarrassed by questionable and premature accusations of illegally downloading pornographic materials.  Given the present facts, the subpoena should be quashed.

### IV.  CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court quash Plaintiff's subpoena served on Charter, as to Defendant John Doe Subscriber Assigned IP Address 70.112.20.33.

DATED this 10th day of October, 2019.

                            Attorneys for Defendant

                            <u>/s/ Artie Pennington</u>
                            Artie Pennington
                            HUNT PENNINGTON KUMAR & DULA, PLLC

## CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of October, 2019, I electronically filed the foregoing DEFENDANT'S MOTION TO QUASH PLAINTIFF'S SUBPOENA with the Clerk of Court using the CM/ECF system that will send an electronic notification of such filing to counsel of record for all of the parties, including the following:

Paul S. Beik
Texas Bar No.: 24054444
BEIK LAW FIRM, PLLC
8100 Washington Ave., Ste. 1000
Houston, TX 77007
T: 713-869-6975
F: 713-868-2262
E-mail: paul@peiklaw.com
ATTORNEY FOR PLAINTIFF

                Respectfully submitted,

                By: /S/ Artie Pennington
                Artie Pennington